[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT
The motions (filed by two defendants in this matter) are hereby granted and the deficiency recalculated for the following reasons.
On August 7, 1992, this Court entered a deficiency judgment in the above matter. Two defendants, David Maclain and Ludger Guillemette, have moved to set the deficiency judgment aside on the grounds that the award of interest was improperly calculated, and the deficiency judgment improperly included awards for matters which were or should have been claimed as debt when the judgment of foreclosure was entered. The defendants' position is that the debt was established by the foreclosure judgment and the plaintiff is barred from asking for pre-existing debt at the deficiency hearing. The relevant background is as follows:
On January 21, 1992, the Court (McWeeny, J) entered a judgment of strict foreclosure which included an award of counsel fees of $5,296.05 and interest of $364,434.06. Pursuant to the judgment of strict foreclosure title to the property vested in the plaintiff on April 15, 1992. On April 24, 1992 the plaintiff filed a Motion for Deficiency Judgment. On August 3, 1992 an evidentiary hearing was held on the Motion for Deficiency Judgment. Both sides presented expert witness testimony as to the fair market value of property, which issue was a matter of dispute between the parties. This hearing was held as part of a Monday short calendar, making time a precious commodity on that day.
The hearing lasted approximately one and one-half hours with the examination and cross-examination of the expert CT Page 8503 witnesses directed to their property appraisals. At the hearing plaintiff's counsel provided the Court with a document entitled "Plaintiff's Proposed Calculation of Deficiency Judgment." At the same time counsel provided the defense attorneys with copies of his proposed orders.
When the attorneys concluded their examination of the witnesses the Court stated it would take the papers and render its decision thereafter. Neither defense counsel made any comment as to the proposed calculation, nor did the Court invite comment or ask if there was any objection to the proposed orders. Since the issue in dispute appeared to be only the property valuation and since no one commented otherwise, the Court assumed there was no disagreement as to the other sums being requested. As it turns out, this was an unwarranted assumption. Defense counsel had not reviewed the proposed calculations and it appears that it was just one of many documents given to them. Indeed the Court is not even certain defense counsel were aware that it had been presented to the Court for consideration, since it was not mentioned by them at any time.
Under these circumstances it would be patently inequitable to deny the defendants the opportunity to point out an obvious error in the interest calculation, or to raise objections to improper claims.
The defendants argue that the award of late fees in the deficiency judgment was improper. The Court agrees. The plaintiff's request for late fees, is a claim which necessarily accrued prior to the date of judgment of foreclosure. Apparently the plaintiff did not include said claim in his affidavit of debt at the foreclosure hearing, and now seeks to have it included in the deficiency judgment. He argues that he is not precluded from doing so, that is he claims he can re-establish or finally establish the debt at the deficiency hearing. The defendants' position is that once the debt is established at the foreclosure trial, the plaintiff is barred from changing that finding at the deficiency — at least as far as the debt was found to be as of the date of the foreclosure.
The usual procedure in a foreclosure matter is to establish the debt as of the date the judgment of foreclosure enters. It is not necessary to re-establish it at a subsequent deficiency hearing. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60 (1983). The purpose of the deficiency hearing is limited in the usual case to determining the value of the property, computing interest from the date of judgment and other miscellaneous CT Page 8504 items such as additional counsel fees, appraisal fees and taxes due.
While Connecticut does not appear to have any appellate decisions defining the scope of the deficiency hearing with precision, at least one Superior Court Judge has stated that it would ordinarily be procedurally improper to contest or modify the debt after judgment has been entered, but it would be permissible to specifically reserve the right to contest the amount of the debt to the time of the deficiency hearing. Elihu Realty Holdings, Inc. v. Elio Capuano, et al. 7 CLT3 Page 94, Freed, J. August 10, 1992. No such specific reservation was made in this case.
It is instructive that the Florida Courts have held that it is error for a trial judge presiding at a deficiency hearing to consider matters which pre-date the final judgment of foreclosure, since they were resolved upon the entry of the judgment of foreclosure, and that the judgment of foreclosure fixes the obligations of the parties in so for as the mortgage foreclosure was concerned. Provident National Bank v. Thunderbird Assoc., 364 So.2d 790.
This Court concludes that the judgment of strict foreclosure fixes the debt as of that date, and while the plaintiff could presumably move to reopen that judgment if it chose to do so, the deficiency hearing should properly be limited to claims which accrued subsequent to the date of the foreclosure judgment. The foreclosure judgment is just that, a judgment. It is not an interim judgment and while it may be conditionally contingent upon findings made during a deficiency hearing this Court does not view the contingency hearing as an opportunity to reargue or alter the debt which was found to exist on the date of foreclosure.
Accordingly, the Court disallows the claim for late fees as well as the claim for attorneys fees in the amount of $10,936.76 for the firm of Cohn and Birnbaum. The latter claim was in fact included in the affidavit of debt submitted to Judge McWeeny on January 21, 1992 and he did not award them. They should not be now included as part of the deficiency.
The deficiency judgment is recalculated as follows:
 Judgment debt as of the date of the judgment of strict foreclosure (1/21/92) $2,006,256.26
Attorneys fees awarded in CT Page 8505 the judgment of strict foreclosure $ 5,296.05
 Interest from date of judgment to date title vested (1/21/92-4/15/92) $ 29,155.20
 Interest from date title vested to date of deficiency (4/16/92-9/8/92) (176 days) $ 2,713.05
 Costs on judgment of foreclosure $ 7,439.10
Additional costs $ 165.00
Additional attorney's fees $ 7,741.78
 Appraiser's fee (on deficiency) $ 1,600.00
Taxes $ 94,835.55
Total $2,155,201.99
 Less fair market value of property determined at deficiency ($1,950,000.00)
 Amount of deficiency judgment $ 205,201.99
BY THE COURT, Hon. Lawrence C. Klaczak Superior Court Judge